**ORIGINAL**

IN THE COURT OF COMMON PLEAS
LUCAS COUNTY, OHIO

FILED
LUCAS COUNTY
2019 DEC 11 PM 3:56
COMMON PLEAS COURT
BERNIE QUILTER
CLERK OF COURT

Carol McMurran
And
Willis McMurran
413 D Street
Milville, NJ 08332.

    Plaintiffs

v.

National Railroad Passenger Corporation
A/K/A Amtrak
415 Emerald Avenue,
Toledo, OH 43604

    Defendant

Case No.:

Judge:

COMPLAINT

G-4801-CI-0201904724-000
Judge
MICHAEL R GOULDING

Now Come Plaintiffs Carol McMurran and Willis McMurran, by and through counsel, and for their Complaint against the Defendant National Railroad Passenger Corporation, A/K/A Amtrak, state and aver as follows:

## COUNT I

1. At the time of the injury incident alleged herein the Plaintiffs were residents of Wayne County, Michigan. Since the incident Plaintiffs have moved residence and currently reside at 413 D Street, Milville, Cumberland County, New Jersey 08332.

2. At all times herein the Defendant National Passenger Rail Corporation A/K/A/ Amtrak, is a railroad engaged in transportation of passengers throughout the United States and regularly conducts business in Lucas County, Ohio.


EXHIBIT E

1

3. On or about December 12, 2017 the Plaintiffs were ticket holders for an Amtrak train that was to depart to the City of Toledo, Lucas County, Ohio and ultimately transport them to New Jersey.

4. On or about December 12, 2017 the Plaintiff Carol McMurran was used a cane to assist her walking.

5. On or about December 12, 2017 the Plaintiff Carol McMurran was at the Amtrak Station, 415 Emerald Avenue, Toledo, Ohio and was being shown to her train by an Amtrak employee, thought to be a ticket agent.

6. On or about December 12, 2017 Plaintiff had requested assistance boarding the train, specifically she requested the use of a "step stool" to help her board the train. The ticket agent, in the presence of Plaintiffs, requested that the train conductor, who was identified as Patrick Gibson, provide Plaintiff with the step stool to board the train. The conductor refused to provide a step stool, claiming there was none. He stated that Plaintiff would just have to get on the train the "best way she can."

7. On or about December 12, 2017, following the conversations described in paragraph 6 above, the Plaintiff Carol McMurran attempted to step onto the train without the help of a step stool. As she attempted to board the train and step onto it, Plaintiff lost her footing and fell forward to the metal floor of the passenger car.

8. On or about December 12, 2017 the Defendant was negligent in failing to provide Plaintiff with reasonably safe access to its passenger train; in failing to provide proper and safe assistance to Plaintiff; in failing to make available a step stool or other assistive device for Plaintiff to safely board the train; in ignoring Plaintiff's request for an assistive device to board her train; in failing to create, implement and/or enforce proper and

reasonable procedures for the access of customers such as Plaintiff onto its train; in failing to properly train and supervise its employees; and the Defendant was otherwise negligent.

9. On or about December 12, 2017 as a direct and proximate result of the Defendant's negligence, Plaintiff Carol McMurran was caused to suffer serious injuries to her shoulder, ribs, back, knees, thigh and hip. Upon information and belief, one or more of these injuries are permanent.

10. As a direct and proximate result of the Defendant's negligence, Plaintiff Carol McMurran has incurred damages, and as a result, hereby seeks compensation for those damages, including but not limited to past and future: Pain and suffering and emotional distress; loss of enjoyment of life and impairment of her abilities to engage in the activities of every day life; loss of household services; medical, rehabilitative and pharmaceutical treatment and bills; and out-of-pocket expenses and other damages.

WHEREFORE, Plaintiff Carol McMurran seeks damages in COUNT I from the Defendant in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00), together with costs and such other and further relief as this Court deems just and proper.

## COUNT II

11. Plaintiffs incorporate paragraphs 1 through 10 as though fully set forth herein.
12. At all times herein the Plaintiffs Carol McMurran and Willis McMurran were married and reside together as husband and wife.
13. As a direct and proximate result of the Defendant's negligence as aforesaid, and the physical and emotional injuries suffered by Caro McMurran, the Plaintiff Willis

McMurran suffered a loss of care, comfort, companionship and affection of his wife and a loss of consortium of his wife Carol McMurran.

WHEREFORE, Plaintiff Willis McMurran seeks damages in COUNT I from the Defendant in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00), together with costs and such other and further relief as this Court deems just and proper.

Respectfully Submitted,

Brian Reddy (078654)
Counsel for Plaintiffs
The Reddy Law Firm
427 W. Dussel Drive, Ste 266
Maumee, OH 43537
P. (419) 482-1467
F. (419) 419 3512
Email: Brian@thereddylawfirm.com

# LUCAS COUNTY COMMON PLEAS COURT
## CASE DESIGNATION

TO: Bernie Quilter, Clerk of Courts

CASE NO. _____ G-4801-CI-0201904724-000

JUDGE _____ Judge MICHAEL R GOULDING

The following type of case is being filed:

**Professional Malpractice**
- [ ] Legal Malpractice (L)
- [ ] Medical Malpractice (M)

**Product Liability (B)**
- [ ] 

**Other Tort (C)**
- [✓]

**Workers' Compensation**
- [ ] State Funded (D)
- [ ] Self Insured (K)

- [ ] Administrative Appeal (F)

- [ ] Commercial Docket

By submitting the complaint, with the signature of the Attorney, the Attorney affirms that the name of person with settlement authority and his/her direct phone number will be provided upon request to a party or counsel in this matter

**Other Civil**
- [ ] Consumer Fraud (N)
- [ ] Forfeiture
- [ ] Appropriation (P)
- [ ] Court Ordered
- [✓] Other Civil (H)
- [ ] Certificate of Title
- [ ] Copyright Infringement (W)

This case was previously dismissed pursuant to CIVIL RULE 41 and is to be assigned to Judge _____, the original Judge at the time of dismissal. The previously filed case number was CI _____.

This case is a civil forfeiture case with a criminal case currently pending. The pending case number is _____, assigned to Judge _____.

This case is a Declaratory Judgment case with a personal injury or related case currently pending. The pending case number is _____, assigned to Judge _____.

This case is to be reviewed for consolidation in accordance with Local Rule 5.02 as a companion or related case. This designation sheet will be sent by the Clerk of Courts to the newly assigned Judge for review with the Judge who has the companion or related case with the lowest case number. The Judge who would receive the consolidated case may accept or deny consolidation of the case. Both Judges will sign this designation sheet to indicate the action taken. If the Judge with the lowest case number agrees to accept, the reassignment of the case by the Administration Judge shall be processed. If there is a disagreement between the Judges regarding consolidation, the matter may be referred to the Administrative Judge.

Related/companion case number _____ Assigned Judge _____

Approve/Deny _____ Date _____ Approve/Deny _____ Date _____

Attorney: Brian Reddy, The Reddy Law Firm
Address: 427 W. Dussel Dr., Suite 266
Maumee, OH 43542
Telephone: 419 482-1467